UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAKE M. WENDT,

        Petitioner,

  v.                                      Case No. 19-cv-440-pp

LARRY WOEBBEKING,

        Respondent.

---

**ORDER SCREENING PETITION (DKT. NO. 1) AND DISMISSING CASE**

---

On March 27, 2019, the petitioner, representing himself, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1. He alleged that in Taylor County Case Number 18 CF 15, the state of Wisconsin charged him with recklessly endangering safety, possession of a firearm by a felon, armed burglary, possession of THC and battery or threats to law enforcement. Dkt. No. 1 at 4. His petition challenges his pre-trial detention, arguing that (1) the State failed to properly file a probable cause determination form or secure an extension of "time needed to file charges;" (2) the court improperly ordered a competency evaluation; (3) the court did not have personal jurisdiction because the state brought charges only against a "fictional entity;" and (4) the court improperly rejected his invocation of the Uniform Commercial Code. Id. at 10-11. The petitioner has paid the $5.00 filing fee.

1

**I.     Rule 4 Screening**

   A.     Standard

Under Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2) of the Local Rules for the Eastern District of Wisconsin, the court applies the Rules Governing Section 2254 Cases to petitions for a writ of *habeas corpus* under 28 U.S.C. §2241. Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Instead, the court considers whether the petitioner has stated cognizable grounds for federal *habeas* relief and whether the petitioner has exhausted his state court remedies.

   B.     Analysis

The petition alleges that at the time the petitioner filed it, he was being held in violation of the laws of the United States in connection with Taylor County State Court Case 2018CF15. Dkt. No. 1 at 4. After listing his grounds for release, the petitioner requested the following relief:

> Since law enforcement violated my 4th Amendment right while enforcing corporate statutes and the court violated the 4th

> Amendment + Due Process right, I would like the charges dismissed or discharged with prejudice. I am not property of the United States Corporation and I have never knowingly or voluntarily worked for the corporation to which would make me a subject needing to abide by their statutes. We are under Common Law and there is no Corpus Delecti in my case. I am an American National.

Dkt. No. 1 at 12. The petitioner dated the petition March 24, 2019. Id. at 13.

The court checked the Wisconsin Circuit Court Access Program, which shows that the petitioner was arrested on January 18, 2018. State of Wisconsin v. Jake M. Wendt, Taylor County Case No. 2018CF00015, available at https://wcca.wicourts.gov/ (last visited January 9, 2020). It indicates that in December of 2018, the state court judge ordered the petitioner to undergo a competency examination. Id. The state court held a competency hearing on January 31, 2019, and found the petitioner competent to represent himself at trial and to have freely, voluntarily and intelligently waived his right to counsel. Id. On March 26, 2019, the state and the petitioner notified the court that they had reached a plea agreement. Id. On March 27, 2019 (the same day the petitioner filed this §2241 *habeas* petition and three days after the day the petitioner dated the petition), the petitioner entered a guilty plea to Counts One, Four and Seven. Id. After taking the petitioner's plea, the court imposed concurrent sentences on Counts One, Four and Seven for a total of seven and a half years of initial confinement followed by five years of supervised release. Id. The court entered a judgment of conviction on March 28, 2019. Id.

At the time the petitioner dated his petition—March 24, 2019—he was in pretrial detention. "The appropriate vehicle for a state pre-trial detainee to challenge his detention is [28 U.S.C.] §2241." Jackson v. Clements, 796 F.3d

3

841, 843 (7th Cir. 2015). "Because a pre-trial detainee is not yet 'in custody pursuant to the judgment of a State court,' relief under 28 U.S.C. §2254 is not available." Id. (citing Jacobs v. McCaughtry, 251 F.3d 596, 597-98 (7th Cir. 2001)). If the petitioner is convicted in state court while the federal *habeas* petition is pending, however, "the claims concerning his pre-trial confinement [become] moot." Id. (citing Yohey v. Collins, 985 F.2d 222, 228-29 (5th Cir. 1993)).

This petition became moot the day after the court received it, which was the day the state court accepted the petitioner's guilty plea. The state court entered judgment against the petitioner the next day, March 28, 2019. Under Jackson, the petitioner's claims about his pre-trial confinement became moot once the state court entered the judgment of conviction; his continued detention now stems from the state court judgment of conviction. That means that if he wants to challenge his confinement, he must do so under 28 U.S.C. §2254, not §2241. See Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000) (a petitioner must proceed under 28 U.S.C. §2254 "as long as the person is in custody pursuant to the *judgment* of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction.") (emphasis in original); see also Simpson v. Pollard, No. 15-C-171, 2015 WL 5010537 (E.D. Wis. Aug. 20, 2015).

The court will not convert this petition from a §2241 petition to a §2254 petition. The state court docket (and the petition itself) indicates that the

4

petitioner has not "exhausted" his claims in state court, as §2254 requires. Section 2254(b)(1) says that a federal court cannot grant *habeas* relief unless the petitioner "has exhausted the remedies available in the courts of the State." "The exhaustion doctrine requires a petitioner to use all available state procedures to pursue his claim before seeking federal habeas corpus relief." Blanck v. Waukesha Cty., 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999); 28 U.S.C. §2254(b). In order to exhaust a state court remedy, a petitioner must raise his claims "through one full round of state court review . . . ." Richardson v. Lemke, 745 F.3d 258, 272 (7th Cir. 2014) (citing Gray v. Hardy, 598 F.3d 324, 330 (7th Cir. 2010)). It is not enough to file a motion before the trial court. To exhaust his remedies, the petitioner must allow the trial court, the Wisconsin Court of Appeals and the Wisconsin Supreme Court the opportunity to rule on his claims.

When he filed the petition, the petitioner had not pursued any available state remedies. He filed the petition the same day he entered his guilty plea in state court. He had not yet had the chance to file an appeal to the Wisconsin Court of Appeals (or the Wisconsin Supreme Court), and as of the date the court writes this order, he has not appealed. Accordingly, even if the court converted this §2241 petition into a §2254 petition, it would be required to dismiss it for failure to exhaust state remedies. Rose v. Lundy, 455 U.S. 509, 522 (1982).

Because the petitioner is now in custody under a judgment of a state court, the court will dismiss his §2241 petition as moot. If the petitioner yet

5

believes that he is in custody in violation of the laws of the United States, and believes that he has exhausted all available state court remedies, he may file a new petition for *habeas corpus* under 28 U.S.C. §2254.

### III. Certificate of Appealability

Under Rule 11(a) of the Rules governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 472, 484 (2000). The court declines to issue a certificate of appealability, because no reasonable jurist could debate that the petitioner's §2241 petition should be dismissed as moot.

### IV. Conclusion

The court **ORDERS** that the petitioner's petition for a writ of *habeas corpus* under §2241 is **DISSMISSED**.

The court **DECLINES TO ISSUE** a certificate of appealability.

Dated in Milwaukee, Wisconsin this 10th day of January, 2020.

                        **BY THE COURT:**

                        _____
                        **HON. PAMELA PEPPER**
                        **Chief United States District Judge**